Slip Op. 21-95

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **SIMPSON STRONG-TIE COMPANY,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant,**<br>**and**<br>**MID CONTINENT STEEL & WIRE INC.,**<br>**Defendant-Intervenor.** | **Before: Gary S. Katzmann, Judge**<br>**Court No. 17-00287** |

**OPINION**

[The court sustains Commerce's Final Results of Redetermination.]

Dated: August 3, 2021

George R. Tuttle, III, George A. Tuttle, A Professional Corporation, of Larkspur, CA, for plaintiff.

Sosun Bae, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel was Jared Cynamon, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce of Washington, D.C.

Adam H. Gordon and Ping Gong, The Bristol Group PLLC, of Washington, D.C., for defendant-intervenor.

Katzmann, Judge: Plaintiff Simpson Strong-Tie Co. ("Simpson") brought this action to contest a final scope ruling by the United States Department of Commerce ("Commerce"). Compl., Jan. 26, 2018, ECF No. 8. Simpson initially alleged that Commerce erred by including

certain of Simpson's split-drive anchors[1] in the scope of its antidumping ("AD") order on certain steel nails from China. Notice of Antidumping Duty Order: Certain Steel Nails from the People's Republic of China, 73 Fed. Reg. 44,961 (Dep't Commerce Aug. 1, 2008) ("AD Order"); Mem. to J. Maeder from S. Pulongbarit and A. Cook re: Antidumping and Countervailing Duty Orders on Certain Steel Nails from the People's Republic of China: Final Scope Ruling on Simpson Strong-Tie Co.'s Anchors, Dec. 1, 2017, P.R. 31 ("Scope Ruling"). Following a determination by the Federal Circuit in OMG, Inc. v. United States, 972 F.3d 1358 (Fed. Cir. 2020) ("OMG II"), this court remanded the scope determination at Commerce's request for further consideration. As explained below, the court concludes that Commerce's Final Results of Redetermination Pursuant to Court Remand, Feb. 16, 2021, ECF No. 51-1 ("Remand Results") are supported by substantial evidence and in accordance with law.

**BACKGROUND**

This action was initiated on December 28, 2017, by Simpson, and a complaint was timely filed. Summons, ECF No. 1; Compl. As noted above, Simpson alleged in its Complaint that Commerce erroneously included Simpson's split-drive anchors in its final scope ruling for the AD Order. Compl. at 7. In support of this contention, Simpson highlighted (in both its Complaint and Amended Complaint) a number of points of difference between nails and split-drive anchors, among them: (1) the split-drive anchor has a non-uniform diameter shank split into two half sections extending beyond the circumference of the main body of the shank, and (2) split-drive anchors are not known commercially or sold as nails. Compl. at 4–5; Am. Compl. 4–5, Feb. 13,

[1] A split-drive anchor is "a one-piece expansion anchor designed for anchoring fixtures to concrete, brick, block, and masonry." Compl. at 3. Simpson's split-drive anchors are constructed of a split shank which has been heat treated so that it expands when driven into a pre-drilled hole and wedges the anchor securely in place. Id. at 3–4.

2018, ECF No. 22. Simpson also noted in both its Complaint and Amended Complaint that the split-drive anchors must be driven into pre-drilled holes. Compl. at 4, Am. Compl. at 4. In light of the differences between nails and split-drive anchors, Simpson requested that the court hold that Commerce's inclusion of split-drive anchors in the scope of its AD order on Certain Steel Nails from the People's Republic of China was unsupported by substantial evidence and not in accordance with law. Compl. at 7; Am. Compl. at 7.

On February 1, 2018, Mid Continent Steel & Wire, Inc. ("Mid Continent") joined the litigation as Defendant-Intervenor. Order Granting Consent Mot. to Intervene, ECF No. 18. On February 13, 2018, Simpson's Amended Complaint was filed, and on July 10, 2018, Simpson additionally filed a Rule 56.2 motion for judgment on the agency record. Am. Compl.; Rule 56.2 Motion for Judgment on the Agency Record, ECF No. 28. The United States ("Government") and Mid Continent each submitted a response to Simpson's motion on December 4, 2018. Def.-Inter.'s Resp. in Opp. to Mot., ECF No. 33; Def.'s Resp. in Opp. to Mot., ECF No. 34. Simpson filed its reply on January 14, 2019, Pl.'s Reply, ECF No. 36, and moved for oral argument on the Rule 56.2 motion, Mot. for Oral Arg., Jan. 28, 2019, ECF No. 37. Simpson's motion for oral argument was granted on April 16, 2019. Order Granting Mot. for Oral Arg., ECF No. 40. On June 12, 2019, the court issued an Order staying the proceedings pending notice of appeal in related cases OMG, Inc. v. United States, 43 CIT __, 321 F. Supp. 3d 1262 (2019) ("OMG I") and Midwest Fastener Corp. v. United States, 43 CIT __, 389 F. Supp. 3d 1384 (2019), and canceling the scheduled oral argument. Order, ECF No. 43. The following month, on July 22, 2019, the Government submitted a consent motion alerting the court of the appeal of OMG I and requesting stay of the proceedings be continued until the resolution of that appeal by the Federal Circuit. Status Report and Consent Mot. to Stay, ECF No. 44. The court granted the motion to continue stay and ordered that the

parties submit a joint status report to the court following the issuance of the mandate in OMG II. Order Granting Mot. to Continue Stay, Jul. 22, 2019, ECF No. 45 ("Stay Order").

On August 28, 2020, the Federal Circuit issued its opinion in OMG II. The court affirmed the Court of International Trade's determination in OMG I that OMG, Inc.'s imported masonry anchors were not within the scope of the AD and countervailing duty ("CVD") orders at issue. OMG II, 972 F.3d at 1360. Of relevance here, the court affirmed the CIT's determination that OMG, Inc's two-piece zinc masonry anchors were not subject to the AD Order because "the dictionary definitions 'define a nail as a fastener inserted by impact into the materials to be fastened,' and '[t]he merchandise at issue is not inserted by impact into the materials to be fastened,'" but rather required a pre-drilled hole. Id. at 1366 (quoting OMG I, 321 F. Supp. 3d at 1269). Pursuant to the Stay Order, the parties submitted a joint status report on November 10, 2020, requesting either (on the part of the Government and Mid Continent) that the court remand to Commerce, or (on the part of Simpson) that the court require supplemental briefing from the parties on the impact of OMG II and issue a decision on Simpson's pending Rule 56.2 motion. Joint Status Report, ECF No. 48. The court on November 18, 2020, issued an order remanding the case to Commerce for further proceedings and requiring that redetermination be filed within ninety days of the order. Order, ECF No. 50 ("Remand Order").

On remand, Commerce determined that, in light of the Federal Circuit's decision in OMG II, Simpson's split-drive anchors were not within the scope of the AD Order. Remand Results at 1. Commerce noted that, like OMG, Inc's zinc masonry anchors, Simpson's split-drive anchors "are masonry anchors which require pre-drilled holes for installation in addition to the use of a hammer." Remand Results at 3. Accordingly, Commerce found that the split-drive anchors are not "nails" under the definition set out in OMG II. Id. at 2–3. Following issuance of the

Remand Results, on March 18, 2021, Simpson and Mid Continent each submitted comments requesting that the court affirm Commerce's determination. Def.-Inter.'s Comments on Final Results of Redetermination, ECF No. 53; Pl.'s Comments on Final Results of Redetermination, ECF No. 54. The Government filed its response to the parties' comments on April 19, 2021, and further requested that the Remand Results be sustained. Def.'s Resp. to Comments on Remand Results, ECF No. 55.

**JURISDICTION AND STANDARD OF REVIEW**

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). The standard of review in this action is set forth in 19 U.S.C. § 1516a(b)(1)(B)(i): "[t]he court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." The court also reviews the determinations pursuant to remand "for compliance with the court's remand order." See Beijing Tianhai Indus. Co. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1342, 1346 (2015) (citations omitted).

**DISCUSSION**

The court concludes that Commerce's Remand Results are supported by substantial evidence and in accordance with law. As the court determined in OMG I, the plain meaning of the term "nail" entails impact insertion. 321 F. Supp. 3d at 1269. On appeal, the Federal Circuit upheld this determination, reiterating that "no reasonable person could conclude that OMG's anchors are nails because unlike nails, OMG's anchors are not designed for impact insertion" and instead "require a predrilled hole." OMG II, 972 F.3d at 1364. As in OMG I and II, the product at issue here is a masonry anchor which requires a predrilled hole for insertion. Am. Compl. at 3–4; Remand Results at 3. It is therefore clear, as Commerce acknowledged in its Remand Results, that "[b]ecause of the similarities between OMG's zinc masonry anchors and Simpson's split-drive

anchors, and in light of the intervening decision" of the Federal Circuit in OMG II, "Simpson's anchors are not covered by the scope of the [AD Order]." Remand Results at 3. As Commerce's determination on remand is supported by substantial evidence and in accordance with law, and as it further complies with the court's Remand Order requesting redetermination by February 16, 2020, the court sustains Commerce's Remand Results.

## CONCLUSION

For the foregoing reasons, Commerce's Remand Results are sustained.

**SO ORDERED.**

*/s/ Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: August 3, 2021
New York, New York